TOLEDO SCALE CO. v. BARNES SCALE CO.

District Court, E. D. Michigan, S. D. April 29, 1927.

No. 1132.

I. Patents ⬯283(6)—Nonuse of patent by large company should be computed from application, in suit for infringement.

Nonuse of patent for scale by a large scale manufacturing company fully able to commercialize the invention should date from application, rather than date of patent, in determining effect of nonuse in suit for infringement.

2. Patents ⬯157(1)—Nonuse for nine years by owner, able to exploit invention, renders patent subject to strict construction.

Nonuse for nine years by an owner able to commercialize an invention requires that the

patent be strictly construed, and that patentee be given nothing to which he is not strictly entitled.

**3. Patents ⬷328—Hem, 1,537,169, claims 1, 4, 10–14, held invalid, anticipated, and infringed, if valid.**

Hem patent, No. 1,537,169, claims 1, 4, 10–14, involving check members in combination with load lever in weighing scale permitting these members to swing in different arcs, *held* invalid, as anticipated by Hamilton, No. 85,816, Velter, No. 1,180,892, and Assman, No. 103,541, and infringed, if valid.

**4. Patents ⬷65—Minor imperfections do not remove reference from prior art clearly anticipating claims.**

Minor imperfections, which could be easily remedied by one skilled in the art, without exercise of more than mechanical skill, do not remove a reference from the prior art which clearly anticipates the claims as worded.

**5. Patents ⬷100—Defect in Patent Office drawings, which can be remedied by obvious means, is not fatal.**

Since Patent Office drawings are not to be considered working drawings, no defect is fatal which can be remedied by any mechanic by obvious means.

In Equity. Patent infringement suit by the Toledo Scale Company against the Barnes Scale Company. Bill dismissed.

Rex Frye, of Detroit, Mich., for plaintiff.

Stuart C. Barnes, of Detroit, Mich., for defendant.

TUTTLE, District Judge. [1, 2] This is a suit in equity, charging the Barnes Scale Company with infringement of claims 1, 4, and 10 to 14, inclusive, of the Hem patent, No. 1,537,169. Application for this patent was filed August 15, 1918, and the patent issued May 12, 1925. The evidence shows that the plaintiff Toledo Scale Company is one of the largest manufacturers of scales in the country. Notwithstanding this invention has been in their possession for nearly nine years, they have never marketed this type of scale, and it appears they have built only one model of this scale, and that for this lawsuit. Plaintiff insists that the patent has been issued less than two years, and that consequently no unfavorable results should follow its nonuse during that period. However, here is a large company, fully able to commercialize the invention, if it be a valuable one, and, under these circumstances, I feel that the fact of its nonuse should date from the date of the application rather than the date of issue of the patent. This nonuse having existed for approximately nine years, I think it is fair to regard the Hem patent in suit as a paper patent. While nonuse does not disentitle the

plaintiff to recover, where it is clear that his patent is valid and that the defendant has infringed, on the other hand, such nonuse requires that the patent be strictly construed, and that the patentee be given nothing but that to which he is clearly entitled. Westinghouse Electric & Manufacturing Co. v. Toledo, P. C. & L. Ry. Co., 172 F. 371 (C. C. A. 6).

Nearly all counter scales of the two-bearing platform variety are provided with what is known as a check system, for keeping the platform horizontal at all times. This comprises a parallelogram, which includes the platform stem. The plaintiff contends, and the specification sets forth, that before the Hem invention it was customary to have the scale beam or multiplying lever part of the parallelogram. It is claimed that as a result wear on the fulcrum pivot of the scale beam tended to distort the parallelogram and impair the accuracy of the weighing operation. In the Hem scale the load is not supported by the check members or the parallelogram.

The claims in suit, however, do not bring out this improvement, but are rather broad claims to the check members in combination with a separate load lever, and connecting means between the check system and the load lever which permits these members to swing in different arcs. Some of the claims are further limited by requiring that the check members swing in arcs of convexity in one direction, while the load lever swings in an arc of convexity in the opposite direction. This, it is contended, permits the use of long check members running in one direction, and a long scale beam or multiplying lever running in the opposite direction, and at the same time the length of the scale base is kept down.

[3] The defense is invalidity and noninfringement. The defendant relies particularly on the Hamilton patent, 85,816, Buoy, 99,148, Assman, 103,541, Hansen, 967,188, Strubler, 1,213,294, and Velter, 1,180,892. Giving the claims the ordinary meaning that their language bears, they appear to read word for word on the Hamilton patent, 85,816, the Velter patent, 1,180,892, the Assman patent, 103,541, and some of the claims are broad enough to read on Hansen, 967,188, Strubler, 1,213,294, and Buoy, 99,148. To meet this seeming anticipation, plaintiff contends that the claims should be read with the specification, and that the load lever should be read to mean the usual multiplying lever or scale beam used in the modern automatic computing scale, and also that the claims should be read as calling for a check lever system that is entirely free from the load, by reason

of the link connecting the platform and the load lever being on the vertical center line of the platform. There are no such limitations in the claims, and I do not see what right I have to make over these claims to sustain a patent which amounts to a paper patent. At any rate, this would not help the plaintiff, for even if we grant that the claims should be read as though they were limited to a check system which is entirely relieved of the load, nevertheless the Hamilton patent, No. 85,816, shows exactly this. The argument that I should also read these claims as calling for a modern scale beam, in order to escape Hamilton, I cannot accept, for the reason that this scale beam or multiplying lever is simply the usual lever member in the modern type scale, and there would be no invention in adapting the lever and check system shown in the old Hamilton patent to the modern type of scale. This is simply the natural and expected progress of the art, and not such a new combination of old elements as is patentable.

The plaintiff attacks the Hamilton and Assman patents as being inoperative and impractical, and therefore not proper references. It contends that the Velter patent is not an automatic scale, but a recording and printing scale, and therefore not a proper reference against it.

[4, 5] In the evidence the plaintiff has gone quite extensively into the question of friction on the bearings, the unusually heavy pendulum, the impracticability of the indicating connection, the unsuitable markings on the dial, the friction of the pointer, etc., appearing in the Hamilton and the Assman patent drawings. The witnesses for plaintiff have testified that the scales appearing in the drawings of these patents would be impractical according to the standards of to-day. However, none of the witnesses have pointed out to me wherein the lever and check systems, clearly disclosed in these patents, are impractical or inoperative in principle. The alleged defects all relate to mere details and refinements of construction. Naturally at this date these refinements are of a much higher order than they were in 1869, and it is only to be expected that the modern scale should possess these while the scale of the '60's should be without them. The standard of to-day is, of course, much higher than at that time. This, however, does not warrant the granting of a patent to one who has incorporated such refinements in an old arrangement of elements. It seems very clear to me that all of these alleged defects are simply minor details, and could be easily remedied by a person skilled in the art, without the exercise of more than mechanical skill. Imperfections of this kind do not remove a reference from the prior art which clearly anticipates the claims as worded. Pickering v. McCullough, 104 U. S. 310, 26 L. Ed. 749; Sparks-Withington Co. v. Jay, 270 F. 449 (C. C. A. 6); Van Epps v. United Box Board & Paper Co., 143 F. 869 (C. C. A. 2); Sandusky Foundry & Machine Co. v. De Lavaud, 274 F. 607 (C. C. A. 6). It is a familiar fact that Patent Office drawings are not made to scale, and are not to be considered working drawings, and hence no defect is fatal which can be remedied by any mechanic by obvious means. Sandusky Foundry & Machine Co. v. De Lavaud, supra. I therefore do not regard these patents as inoperative in any such sense as will remove them from the prior art as anticipations. Furthermore, part of the imperfections relied upon by plaintiff relate to parts of the reference scales which are not relied upon to meet the claims in suit. I cannot find that these prior art patents are paper patents, as alleged, for there is no evidence either way, and I see no reason why, according to the standards of their day, they were not operative to accomplish the objects intended for them.

As to the Velter patent, 1,180,892, plaintiff does not claim inoperativeness, but contends that the lever and check system there shown is used in a complicated mechanism for recording on a counter and for printing the net weight and the gross weight when the scale beam has been brought back to a horizontal or position of even balance by means of a hand crank action; that therefore it does not exhibit an automatic scale and is not an anticipation. Defendant contends that there is present in this disclosure a scale over which an indicator swings when the weight is placed on the platform, and that therefore the reference discloses the automatic scale which the plaintiff claims is its invention; that the recording and printing functions are only additions which are brought into play when the pointer returns to zero by action of the hand crank. I do not find it necessary to decide this issue between the parties, for it seems to me that the lever and check system claimed by the patent in suit is exhibited in this reference, and all that would be necessary to make it an automatic scale is to have a proper scale reading under the pointer. It would not require invention to so do, or to make the pointer swing through a larger arc. It is to be noted that plaintiff's patent does not limit its claims to an automatic scale, nor do the claims say anything about the indicating mechanism. For that matter, the drawings of

the patent in suit show no indicating mechanism, nor weight offsetting mechanism, so I am not able to disregard this Velter patent as a reference.

For the above reasons I regard all the claims in suit as invalid as being anticipated by each of the patents Hamilton, Velter, and Assman. This makes it unnecessary to find just which claims in suit read on some of the other patents, but it is true that some of these do.

On the question of infringement, I find for the plaintiff, for undoubtedly the claims in suit, if given their ordinary meaning, as we have done in determining their anticipation, read on the defendant's structure. It is true that the defendant's structure is specifically quite different from the plaintiff's. The evidence shows that it was designed and put on the market in 1919 or 1920 by the Barnes Scale Company, with no knowledge whatever of the Hem invention, and in perfect good faith. A great many of these scales have been built and successfully marketed by the defendant, which knew nothing of the Hem invention until the issue of the Hem patent in 1925. The defendant uses a thrust link, where the Hem patent uses a suspending link. The defendant also uses a large frame for its upper check member, and it transmits its platform load down through the swinging end of this frame, but with none of the load of the platform transmitted to the fulcrum of the frame. In these respects defendant's scale is similar to Hamilton. In the Hem structure the platform is supported directly on the load lever by means of suspending links, and no upper frame is required in the parallelogram to support the suspending links and to prevent torsion. These differences have been carefully pointed out to me, but, if the claims of the Hem patent are to be maintained at their face value, undoubtedly the defendant's structure comes within their scope.

I therefore find that claims 1, 4, and 10 to 14, inclusive, of the Hem patent, No. 1,537,-169, in suit, void. The bill of complaint is dismissed, with costs.